IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN MARISCAL-GARCIA,

    Petitioner,

v.                                                                                  No. 2:25-cv-571 KG/LF

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Juan Mariscal-Garcia's "Motion to Address Honorable District Judge" (Doc. 1) (Motion-Petition). Petitioner is a federal prisoner and is proceeding *pro se*. He alleges the Bureau of Prisons (BOP) is improperly calculating his release date as February 4, 2026, when it should be December 29, 2025. (Doc. 1) at 1; *see also* https://www.bop.gov/inmateloc/ (reflecting Petitioner's release date is February 4, 2026). A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a release date, is construed as a habeas corpus petition under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting Section 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). The Court therefore construes the Motion-Petition as a Section 2241 petition.

When a pleading seeks a shorter sentence under Section 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of

a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same).   Petitioner is currently confined at FCI Lompoc California in Santa Barbara County, within the jurisdiction of the United States District Court for the Central District of California, Western Division.  *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 84 (The Central District of California, Western Division, comprises Santa Barbara County).   The Motion-Petition must be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding.   *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).   In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper.   *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*).   To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith … ."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).   The claims here are not time-barred; "there is no statute of limitations for petitions invoking § 2241."   *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021).   An allegation that the BOP miscalculated Petitioner's sentence may survive initial review.   And, while Petitioner directs his concerns to the sentencing court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants.   The Court therefore finds the Motion-Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the Central District of California, Western Division. Petitioner may or may not be asked to file his claims on the proper Section 2241 form, which provides more information, and pay the $5 habeas filing fee in the California Court. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank Section 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the Central District of California, Western Division.**

IT IS ORDERED that the Clerk's Office shall:

1. TRANSFER this proceeding, including the "Motion to Address Honorable District Judge" (Doc. 1), to the United States District Court for the Central District of California, Western Division;

2. CLOSE this civil case; and

3. MAIL Petitioner a blank Section 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the California Court.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.